[No. 8300.   Department Two.   December 6, 1909.]

OLYMPIC OIL COMPANY, *Respondent*, v. M. FRANCIS KANE et al., *Appellants*.[1]

TRIAL—DECISION—TIME FOR RENDITION. The superior court does not lose jurisdiction by failing to decide a cause within ninety days from the time it is submitted, as required by the constitution.

ELECTION OF REMEDIES—RECEIVERS—TRIAL OF TITLE TO PROPERTY—WAIVER OF OBJECTIONS. Where, upon an order to show cause, the parties appeared in a receivership matter, and by consent tried out a question of title, upon pleadings filed, the right to litigate the title in an independent action is waived.

Appeal from an order of the superior court for King county, Morris, J., entered December 18, 1908, for the payment of assets to a receiver, after a hearing upon an order to show cause. Affirmed.

*James C. Moody*, for appellants.

*McBurney & Cummings*, for respondent.

[1]Reported in 105 Pac. 477.

PARKER, J.—This is an appeal from an order of the superior court requiring appellants to pay over to the receiver of the Wayne Automobile Agency, a corporation, the sum of $750 claimed by the receiver to be a part of the assets of that corporation. So far as necessary to be noticed, the facts appearing from the record are as follows: The appellant Francis M. Kane is the president and general manager, and the appellant Ida M. Kane, his wife, is the secretary and treasurer of said corporation, and have at all times since its organization had the entire management and control of its business and affairs. In January, 1908, by order entered in this cause, Frank Brightman was appointed receiver of the corporation, and as such became entitled to the possession of all its property and assets. On May 15, 1908, the receiver filed in this cause his petition, alleging, in substance, that at the time of his appointment as such receiver there was pending in the superior court of King county a suit in the name of appellants, as plaintiffs, against Z. E. Foster, defendant, seeking to recover the sum of $1,000 as a balance due on the purchase price of an automobile, sold by the corporation to Foster; that on the 15th day of May, 1908, said suit was compromised and settled by appellants with Foster by the payment to appellants of the sum of $750 in cash, and that the same belongs to the receiver as a part of the assets of the corporation, which he demanded from them, and that they refused to pay the same over to him; upon which facts he prayed for an order of court directing appellants to pay over to him said sum of $750, or to show cause, at a time and place to be fixed, why they should not be required to do so. Thereupon the court issued its order to show cause accordingly, and in pursuance thereof on the 1st day of June, 1908, the matter came on for hearing before the court. So far as appears from this record, no answer or pleading was filed in response to this petition until long after the hearing and the court's order thereon, but evidence was introduced in behalf of all parties, upon the theory that appellants were

claiming that there was another suit pending by which the receiver was seeking to recover from them this same money, and also that it was their own property, as if they had tendered these issues by formal answer, which issues were thereafter tendered by formal answer, apparently for the purpose of making the record complete.

At the conclusion of all the evidence, counsel for appellants moved to dismiss the petition and proceeding upon the ground that the evidence showed another suit was pending involving the same issues, and also upon the ground that the evidence upon the merits was not sufficient to warrant the court in directing them to pay over the money to the receiver as part of the assets of the corporation. Thereupon the court took the matter under advisement, and on the 18th day of December, 1908, decided the matter favorably to the receiver, and ordered that the appellants, within twenty days thereafter, pay to the receiver, or into the registry of the court for his benefit, the said sum of $750; from which order this appeal is taken.

It is contended by learned counsel for appellants that the lower court was without jurisdiction to render the decision appealed from, for the reason that more than ninety days had elapsed since the submission of the cause. This contention is without merit, having been decided to the contrary in the case of *Demaris v. Barker*, 33 Wash. 200, 74 Pac. 362.

It is next argued in behalf of appellants that the court was without jurisdiction in this cause to determine the controversy here involved, and that their rights in the premises cannot be determined except by an independent action commenced and prosecuted against them. We think, however, in view of the fact that they consented to the hearing and determination of the matter by the superior court in the receivership cause, they thereby waived their right to have the matter litigated in an independent action, unless it can be said they did not waive this right in view of their contention and offer of evidence touching the then pendency of another

action involving the same issues. Upon this question however we think the evidence fails to show that there was another action pending involving the recovery from them by the receiver of this money. The only evidence of another suit related to one commenced a considerable time prior to the payment of this money to appellants.

Upon the merits there is nothing but questions of fact involved, and from a careful reading of all the evidence in the record we conclude that the learned superior court was fully warranted in finding that the money in the hands of appellants belonged to and was a part of the assets of the corporation, and that the receiver was therefore entitled to the same. We conclude that the superior court correctly disposed of the issues involved, and its judgment and order is therefore affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.